CRYSTAL v. THE CITY OF DES MOINES.

1. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. This court cannot consider whether a verdict is or is not supported by the evidence when the abstract does not contain all the evidence.

2. **Cities and Towns:** DUTY AS TO STREETS: INJURY TO TRAVELER FROM EXCAVATION: EVIDENCE. Where a city street has been open for travel its entire width, the city must keep it in a reasonably safe condition from sidewalk to sidewalk, and cannot excuse itself for leaving an unguarded excavation in such street by showing that there was as a matter of fact no travel thereon.

*Appeal from Polk Circuit Court.*

WEDNESDAY, MARCH 18.

ACTION to recover for personal injuries sustained by plaintiff by reason of an excavation made by defendant in one of its streets, into which he drove his carriage and team in the night-time. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Williamson & Kavanagh*, for appellant.

*B. A. Williams* and *C. C. Cole*, for appellee.

BECK, CH. J.—We shall dispose of the objections to the judgment in the order of their presentation in appellant's argument.

I. It is first insisted that the verdict lacks support of the

1. PRACTICE in supreme court: evidence to support verdict.

evidence; but the abstract does not show that it contains all of the evidence. On the contrary, it affirmatively appears that it does not. Under familiar rules prevailing here, we cannot consider this objection.

II. The excavation into which plaintiff drove, causing his injury, was made in the street by the city, for the purpose

2. CITIES and towns: duty as to streets: injury to traveler from excavation: evidence.

of putting in a "catch-basin" connected with the sewer. The excavation, it is claimed, was left without sufficient barriers to prevent teams from being driven into it, and without signal lights.

The defendant claimed that it was not in the traveled part of the street. To support this claim, it asked a witness whether he had "recently looked at the ground to see if there were indications of travel on the east side of the 'catch-basin;' and also whether there are any indications of any travel at any time; whether the ground shows there was ever any travel by teams." The witness was not permitted to answer the question.

The accident occurred some months before the trial; and it was not made to appear that a recent examination of the street and its present appearance would reveal the fact that travel of the street did not, at the time of the accident, pass over the spot where the excavation was made. It was not shown that the street was not open for travel its entire width. If so open, the city was bound to keep it in a reasonably safe condition from sidewalk to sidewalk. *Stafford v. City of Oskaloosa*, 57 Iowa, 748. It cannot be presumed that it was so

opened. If it was, the city could not, by excavation, temporarily withdraw it from public use, without using proper precaution to prevent travelers in the night-time driving therein. If it had been open to public use for its whole width, it is immaterial whether there was or was not indications of its use to that extent. The evidence was rightly rejected.

III. The court gave certain instructions as to the care to be exercised by the city over its streets, and the precaution to be taken by it to protect travelers passing upon its streets, in which excavations or obstructions are permitted by the city. The rules of the instructions are complained of upon the ground that they are inapplicable to the facts of the case. The position of defendant's counsel in support of this claim of the inapplicability of the instructions is, that the city had a right to erect the "catch-basin," and is not liable, if there was no negligence in leaving it in the condition in which it was when plaintiff drove into it. This may be conceded to be correct. But the instructions given are not at all in conflict with the position. They, however, present correct rules to guide the jury in determining whether plaintiff did exercise proper care. These rules counsel for defendant do not question.

IV. The instructions asked by the defendant and refused, present the thought that the city may use the streets for sewers, and attachments thereto, leaving a sufficient space for travel. This may be correct; but it does not meet the case, which is to recover of the city for negligence in not sufficiently protecting travelers from the dangers of the excavation. These instructions were correctly refused.

The case presents no other questions. The judgment must be                                                        AFFIRMED.